# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| LYNCOLN DANGLAR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 4:18-cv-01789-RDP-JEO |
| | ) |
| KEVIN K. McALEENAN, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On October 16, 2019, the Magistrate Judge entered a report recommending this action be dismissed without prejudice for lack of jurisdiction. (Doc. 20). The Magistrate Judge further recommended that, to the extent Petitioner alleges a *Zadvydas*[1] claim for relief, such claim be denied and dismissed without prejudice. (*Id.*). Finally, the Magistrate Judge recommended Petitioner's motion for summary judgment be denied. (*Id.*). On October 29, 2019, Petitioner filed objections to the report and recommendation. (Doc. 22).

In his objections, Petitioner restates his claims that he was detained without probable cause in violation of the Fourth Amendment and requests, among other things, that the court "[o]rder and declare the removal order . . . unlawful as applied to Petitioner." (Doc. 22 at 16). However, 8 U.S.C. § 1252(g) of the Immigration and Nationality Act (INA) deprives this court of subject-matter jurisdiction to hear Petitioner's challenges. That section provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

---

[1] *Zadvydas v. Davis*, 533 U.S. 678, 690-92, 699, 701 (2001).

8 U.S.C. § 1252(g) (emphasis added). The statute also provides that "a petition for review filed with an appropriate court of appeals . . . shall be the *sole and exclusive means for judicial review of an order of removal*." 8 U.S.C. § 1252(a)(5) (emphasis added).

This court is without jurisdiction to address Petitioner's Fourth Amendment claims that he was detained without probable cause. In *Gupta v. McGahey*, the Eleventh Circuit held that "[s]ecuring an alien while awaiting [his removal hearing] constitutes an action taken to commence proceedings." 709 F.3d 1062, 1065 (11th Cir. 2013). *Gupta*, a removable alien, argued that federal agents "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him." *Id*. The Eleventh Circuit found that § 1252(g) barred the court from reaching the merits of those claims. *Id*. at 1065-66. Similarly, the Eleventh Circuit held in *Alvarez v. U.S. Immigration and Customs Enforcement* that § 1252(g) foreclosed a detainee's challenge to the methods ICE used to detain him prior to his removal hearing. 818 F.3d 1194, 1203-04 (11th Cir. 2016). Thus, this court does not have jurisdiction to address the merits of Petitioner's Fourth Amendment claims.

To the extent Petitioner requests that this court declare the removal order unlawful (Doc. 22 at 16), this court does not have jurisdiction to entertain any application seeking review, reopening, reconsideration, or a stay of the order of removal. *See* 8 U.S.C. § 1252(e); *Ivantchouk v. U.S. Att'y Gen.*, 417 F. App'x 918, 920-21 (11th Cir. 2011) ("no court may enter declaratory, injunctive, or other equitable relief pertaining to a removal order"); *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1367 (11th Cir. 2006).

Petitioner cites *Gonzalez v. Immigration and Customs Enforcement*, No. 13-cv-04416-BRO-FFM, 2014 WL 12605368 (C.D. Cal. July 28, 2014), in support of his claim that the ICE

detainer was not based on probable cause and violated his constitutional rights.[2] (Doc. 22 at 1, 10). However, decisions in the U.S. District Court for the Central District of California are not binding on this court. *See Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1248 n.15 (11th Cir. 2002) ("only the decisions of the Supreme Court and [the Eleventh Circuit] are binding on the district courts of this circuit"). Even more importantly, and putting aside the propriety (or lack thereof) of the *Gonzalez* injunction, Petitioner's reliance on it here is unquestionably part of his attempt to have this court declare his removal order unlawful. This court takes seriously the limits Congress has placed on its subject-matter jurisdiction and it does not have the authority to do so.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, Petitioner's motion for summary judgment is due to be denied and this action is due to be dismissed without prejudice.

A separate order will be entered.

---

[2] *Gonzalez* was brought as a civil rights class action against state and federal officials and only alleged an alternate claim under 28 U.S.C. § 2241 should the court find it to be the proper vehicle for relief instead. *See* Third Am. Compl., *Gonzalez v. Immigration and Customs Enforcement*, No. 13-cv-04416-BRO-FFM (C.D. Cal. Aug. 18, 2014), ECF No. 44. *Gonzalez* has since been consolidated with *Roy v. Immigration and Customs Enforcement*, No. 2:12-cv-09012-AB-FFMx (C.D. Cal. July 28, 2015), ECF No. 91. After a bench trial, the district court entered Findings of Facts and Conclusions of Law on September 27, 2019, finding that ICE violated the Fourth Amendment by relying on an unreliable set of databases to make probable cause determinations for its detainers. *Id.*, ECF No. 548 at 32. The court held it would

> issue a permanent injunction enjoining ICE from issuing detainers to state and local law enforcement agencies in states where there is no explicit state statute authorizing civil immigration arrests on detainers and enjoining ICE from issuing detainers to Probable Cause Subclass members based solely on database searches that rely upon information from sources that lack sufficient indicia of reliability for a probable cause determination for removal.

*Id.*, ECF No. 548 at 37.

**DONE** and **ORDERED** this November 21, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE